# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| C. FRED DANIELS, as Trustee ad litem for THE HAROLD G. MCABEE FAMILY TRUST, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 08-2452 |
| MORGAN KEEGAN & COMPANY, INC., et al. | ) ) ) | |
| Defendants. | ) | |
| C. FRED DANIELS, as Trustee ad litem for THE HAROLD G. MCABEE FAMILY TRUST, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 08-2453 |
| MORGAN KEEGAN & COMPANY, INC., et al. | ) ) ) | |
| Defendants. | ) | |
| C. FRED DANIELS, as Trustee ad litem for THE GEORGE E. VON GALL III, INTERVIVOS Q-TIP TRUST UNDER AGREEMENT, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 08-2454 |
| v. | ) ) | |
| MORGAN KEEGAN & COMPANY, INC., et al. | ) ) ) | |
| Defendants. | ) | |
| C. FRED DANIELS, as Trustee ad litem for KPS GROUP, INC. PROFIT SHARING RETIREMENT PLAN, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 08-2455 |
| v. | ) ) | |
| MORGAN KEEGAN & COMPANY, INC., et al. | ) ) ) | |
| Defendants. | ) | |

```
C. FRED DANIELS, as Trustee ad litem for THE    )
ALICE C. CADE FOR THE BENEFIT OF CARROLL        )
CORBIN BAYS TRUST, et al.,                      )
                                                )
     Plaintiffs,                                )
                                                ) No. 08-2456
v.                                              )
                                                )
MORGAN KEEGAN & COMPANY, INC., et al.           )
                                                )
     Defendants.                                )
```

**ORDER GRANTING DEFENDANTS' MOTIONS FOR CONSOLIDATION**

Before the Court are Defendants' motions filed on September 15, 2008, to consolidate the above-captioned cases with two consolidated putative securities class actions arising out of the same facts.[1]

The Court's September 23, 2008, Order specifies that it applies "automatically to all other substantively related actions arising out of. . . the same facts as alleged, or involving claims similar to those alleged, in the captioned actions, which have been filed, may be filed or are transferred to this Court." (In re Morgan Keegan Open-End Mutual Fund Litigation, No. 07-2784, Order Consol. at 39.) Plaintiffs and Defendants agree that these actions arise out of the same facts and allege claims similar to

---

[1] Defendants moved for consolidation with the five putative class actions that were pending when Defendants filed their motion. The Court entered an order to consolidate the five putative class actions into two consolidated actions on September 23, 2008.

2

those alleged in the already consolidated putative class actions.  Therefore, the Court's September 23, 2008 Order applies to these actions.

Plaintiff Trustee opposed consolidation in his response filed on September 29, 2008.  Plaintiff is a Trustee <u>ad litem</u> ("Trustee") appointed to carry our Regions Banks' duties concerning securities claims of trust accounts and custodial accounts for which Regions Bank is trustee, directed trustee, custodian, and agent.  Plaintiff argues that the beneficiaries of the trusts might be prejudiced by consolidation.  One of the original securities class actions, consolidated with the other actions, asserts claims against Regions Bank.  The trust beneficiaries might have separate claims against Regions Bank for, e.g., breach of fiduciary duty.  The Trustee is concerned that consolidation might preclude the trust beneficiaries from separately pursuing these claims against Regions Bank.

It is unlikely that consolidation would preclude the trust beneficiaries from pursuing their claims against Regions Bank separately.  "Consolidation of separate actions does not merge the independent actions into one suit."  <u>Advey v. Celotex Corp.</u>, 962 F.2d 1177, 1180 (6th Cir. 1992).  Because the Plaintiffs in these cases stand in

3

the shoes of Regions Bank, those claims could not be joined to these cases. Therefore, it is unlikely that this consolidated litigation would preclude the beneficiaries from bringing other claims against Regions Bank.

The risk of prejudice to Plaintiffs as a result of consolidation is not substantial and does not outweigh the benefits of consolidation. In accordance with the Court's September 23, 2008, Order, these actions are consolidated with the consolidated putative class actions. Defendants' motion to consolidate is GRANTED and it is ORDERED that:

<u>Daniels v. Morgan Keegan & Co., Inc., et al.</u>, Civil Action No. 08-2452 (asserting claims on behalf of Trusts invested in the RMH Fund), <u>Daniels v. Morgan Keegan & Co., Inc., et al.</u>, Civil Action No. 08-2453 (asserting claims on behalf of Trusts invested in the RMA Fund), <u>Daniels v. Morgan Keegan & Co., Inc., et al.</u>, Civil Action No. 08-2455 (asserting claims on behalf of Trusts invested in the RSF Fund), and <u>Daniels v. Morgan Keegan & Co., Inc., et al.</u>, Civil Action No. 08-2456 (asserting claims on behalf of Trusts invested in the RHY Fund) are consolidated with <u>In re Regions Morgan Keegan Closed-End Fund Litigation</u>, Civil Action No. 07-2830. The files in this action shall be maintained under Master File Number 07-2784.

<u>Daniels v. Morgan Keegan & Co., Inc., et al.</u>, Civil Action No. 08-2454 (asserting claims on behalf of Trusts invested in the Short Term Fund, Intermediate Fund, and High Income Fund) is consolidated with <u>In re Regions Morgan Keegan Open-End Mutual Fund Litigation</u>, Civil Action No. 07-2784.  All files in this action shall be maintained under Master File Number 07-2784.

So ordered this 26th day of August, 2009.

                                           s/ Samuel H. Mays, Jr.
                                           SAMUEL H. MAYS, JR.
                                           UNITED STATES DISTRICT JUDGE